**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRENT NICHOLS and SHARON NICHOLS, derivatively on behalf of COCRYSTAL PHARMA, INC. F/K/A BIOZONE PHARMACEUTICALS, INC., | Case No.: 2:19-cv-16751-KM-JBC |
| Plaintiffs, | |
| vs. | **ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE** |
| ELLIOTT MAZA, GARY WILCOX, JEFFREY MECKLER, GERALD MCGUIRE, JAMES MARTIN, CURTIS DALE, RAYMOND SCHINAZI, DAVID BLOCK, PHILLIP FROST, JANE H. HSIAO, STEVEN RUBIN, BRIAN KELLER, BARRY C. HONIG, JOHN STETSON, MICHAEL BRAUSER, JOHN O'ROURKE III, MARK GROUSSMAN, and JOHN H. FORD, | |
| Defendants, | |
| and | |
| COCRYSTAL PHARMA, INC. F/K/A BIOZONE PHARMACEUTICALS, INC., | |
| Nominal Defendant. | |

WHEREAS, the parties to the above-captioned shareholder derivative action (the "Derivative Action") have made an application for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated August 20, 2020 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Derivative Actions; and (ii) approving the form and content of the Notice of the Settlement to Current Cocrystal Stockholders, substantially in the form of Exhibit B attached to the Stipulation (the "Notice");

1

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all the Settling Parties have consented to the entry of this Order Preliminarily Approving Derivative Settlement and Providing for Notice ("Preliminary Approval Order"),

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein (the "Settlement"), including the terms and conditions of the Settlement and dismissal with prejudice of the Derivative Action.

2.      A hearing shall be held before this Court (the "Settlement Hearing") on **December 16, 2020 at 3:00 p.m.**,[1] at the United States District Court for the District of New Jersey, the Honorable Kevin McNulty, Courtroom PO 04, located at the Martin Luther King Building and United States Courthouse, 50 Walnut Street, Newark, New Jersey 07102, to determine: (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to Cocrystal and Current Cocrystal Stockholders and should be finally approved by the Court; (ii) whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered dismissing the Derivative Action with prejudice, and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiffs' Counsel's Fee and Expense Award and Plaintiffs' Service Awards should be finally approved. At the

---

[1] The Settling Parties respectfully request that the Settlement Hearing be scheduled at least fifty-five (55) days after entry of this Preliminary Approval Order.

Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

3.      The Court approves the Notice attached as Exhibit B to the Stipulation, and finds that issuing the Notice through the issuance of a press release on *GlobeNewswire*, filing with the SEC the Notice and Stipulation as exhibits to a Form 8-K, and posting the Notice together with the Stipulation on the "Investors" page of Cocrystal's corporate website substantially in the manner and form set forth in this Preliminary Approval Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current Cocrystal Stockholders.

4.      Not later than ten (10) calendar days following entry of this Preliminary Approval Order, Cocrystal shall issue the Notice via a press release on *GlobeNewswire*, file with the SEC the Notice and Stipulation as exhibits to a Form 8-K, and post the Notice together with the Stipulation via a link on the "Investors" page of Cocrystal's corporate website, https://ir.Cocrystalpharma.com/.   The Notice shall contain a link to the Investors page of Cocrystal's corporate website where the Notice and Stipulation will be posted, which posting shall be maintained through the date of the Settlement Hearing.

5.      All costs incurred in providing the notice of the Settlement shall be paid by Cocrystal, and Cocrystal shall undertake all administrative responsibility for issuing, filing, and posting the notice of the Settlement.

6.      All papers in support of the Settlement and the Fee and Expense Award, including any Service Awards, shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing, and any reply papers shall be filed with the Court at least seven (7) calendar days prior to the Settlement Hearing.

7.      Any Current Cocrystal Stockholder may object and/or appear and show cause, if he, she, or it has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why the Fee and Expense Award and the Service Awards should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current Cocrystal Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee and Expense Award  and the Service Awards, unless that stockholder has, at least fourteen (14) calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth (a) the nature of the objection; (b) proof of ownership of Cocrystal common stock as of the date of the Stipulation and through the date of the objection, including the number of shares of Cocrystal common stock held and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three (3) years; and (2) if a Current Cocrystal Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing.  If a Current Cocrystal Stockholder files a written objection and/or written notice of intent to appear, such stockholder must also serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the

4

Court (either by hand delivery or by first class mail) at least fourteen (14) calendar days prior to the Settlement Hearing upon each of the following:

**Counsel for Plaintiffs:**

Timothy Brown
THE BROWN LAW FIRM, P.C.
240 Townsend Square
Oyster Bay, NY 11771

Gregory M. Nespole
LEVI & KORSINSKI, LLP
55 Broadway, 10th Floor
New York, NY 10006

**Counsel for Defendants Gary Wilcox, Jeffrey Meckler, Gerald McGuire, James Martin, Curtis Dale, Raymond Schinazi, David Block, Jane H. Hsiao, Steven Rubin, and Todd Brady, and Nominal Defendant Cocrystal Pharma, Inc.:**
Ronald L. Berenstain
Sean Knowles
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101

**Counsel for Defendant Barry Honig:**
Michael Sommer
Adam Toporovsky
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019

**Counsel for Defendant John Stetson**
Daniel Walfish
WALFISH & FISSELL PLLC
405 Lexington Avenue, 8th Floor
New York, NY 10174

**Counsel for Defendant John O'Rourke III**
Randy Luskey
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

**Counsel for Defendant Michael Brauser**
Dennis Richard
Melissa Mackiewicz
RICHARD & RICHARD, P.A.
825 Brickell Bay Drive
Tower III, Suite 1748
Miami, FL 33131

**Counsel for Defendant John Ford**
A. Ross Pearlson
One Boland Drive
West Orange, NJ 07052

**Counsel for Defendant Phillip Frost**
Robert J. Anello
Edward M. Spiro
MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.
565 Fifth Avenue
New York, NY 10017

**Counsel for Defendant Mark Groussman**
Kevin Walsh
GIBBONS PC
One Gateway Center
Newark, NJ 07102

**Defendant Elliot Maza**
550 Sylvan Avenue, Suite 102
Englewood Cliffs, NJ 07632

**Defendant Brian Keller**
5058 Nortonville Way
Antioch, CA 94531

Any Current Cocrystal Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed

from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Award and Service Awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of this Derivative Action with prejudice, and any and all of the releases set forth in the Stipulation.

8.      At least ten (10) calendar days prior to the Settlement Hearing, Cocrystal's Counsel shall file with the Court, proof, by affidavit or declaration, of the issuance, filing, and posting of the notice of the Settlement to Current Cocrystal Stockholders pursuant to the terms of this Preliminary Approval Order.

9.      All Current Cocrystal Stockholders shall be bound by all orders, determinations, and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to Current Cocrystal Stockholders.

10.     All proceedings in this Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Preliminary Approval Order.  This Court retains exclusive jurisdiction over the Derivative Action to consider all further matters arising out of or connected with the Settlement.

11.     Pending final determination of whether the Settlement should be approved, neither Plaintiffs, Plaintiffs' Counsel, nor any Current Cocrystal Stockholders or other Persons, derivatively on behalf of Cocrystal, shall commence or prosecute, or in any way instigate or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Released Persons in any court or tribunal.

12.     The facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)     shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Actions or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Actions or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b)     shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c)     shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d)     shall not be offered, received, or used in any way against Plaintiffs or Plaintiffs' Counsel as evidence of, or be deemed to be evidence of, a presumption, concession, or

admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial.

13.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

14.     If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in this Derivative Action will revert to their status as of July 12, 2020.

15.     The Court reserves the right to continue the Settlement Hearing without further written notice to Current Cocrystal Stockholders or anyone else other than the Settling Parties. The Court may decide to hold the Settlement Hearing telephonically without further notice to Current Cocrystal Stockholders.  Any Current Cocrystal Stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket on https://pacer.uscourts.gov/find-case and/or the Investor page of Cocrystal's corporate website, https://ir.Cocrystalpharma.com/, for any change in date, time or format of the Settlement Hearing.

IT IS SO ORDERED.

DATED: <u>September 22, 2020</u>               /s/ Kevin McNulty
                                         _____
                                         HONORABLE KEVIN McNULTY
                                         U.S. DISTRICT COURT JUDGE

8