UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRENT NICHOLS and SHARON NICHOLS, derivatively on behalf of COCRYSTAL PHARMA, INC. F/K/A BIOZONE PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ELLIOTT MAZA, GARY WILCOX, JEFFREY MECKLER, GERALD MCGUIRE, JAMES MARTIN, CURTIS DALE, RAYMOND SCHINAZI, DAVID BLOCK, PHILLIP FROST, JANE H. HSIAO, STEVEN RUBIN, BRIAN KELLER, BARRY C. HONIG, JOHN STETSON, MICHAEL BRAUSER, JOHN O'ROURKE III, MARK GROUSSMAN, and JOHN H. FORD, <br><br> Defendants, <br><br> and <br><br> COCRYSTAL PHARMA, INC. F/K/A BIOZONE PHARMACEUTICALS, INC., <br><br> Nominal Defendant. | Case No.: 2:19-cv-16751-KM-JBC <br><br> **FINAL ORDER AND JUDGMENT** |

1

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated September 22, 2020 (the "Preliminary Approval Order"), on the application of the Settling Parties for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated August 20, 2020 (the "Stipulation").  Due and adequate notice having been given to Current Cocrystal Stockholders as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and, except where otherwise specified herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the above-captioned action (the "Derivative Action"), including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. This Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Settling Parties and Current Cocrystal Stockholders, and hereby finally approves the Settlement in all respects and orders

the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4. The Derivative Action, all claims contained therein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the date the Judgment becomes Final, Cocrystal, Plaintiffs (individually and on behalf of Cocrystal), and each of the Current Cocrystal Stockholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons. Cocrystal, Plaintiffs, and each Current Cocrystal Stockholder shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation and this Judgment.

6. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever

3

released, relinquished, and discharged each and all of Plaintiffs and their Related Persons, Plaintiffs' Counsel and their Related Persons, Cocrystal, and all Current Cocrystal Stockholders (solely in their capacity as Cocrystal stockholders) from Defendants' Released Claims.  The Released Persons shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue Plaintiffs or their Related Persons, Plaintiffs' Counsel or their Related Persons, Cocrystal, or any Current Cocrystal Stockholders (solely in their capacity as Cocrystal stockholders) with respect to any Defendants' Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against Plaintiffs and their Related Persons, Plaintiffs' Counsel and their Related Persons, Cocrystal, and all Current Cocrystal Stockholders (solely in their capacity as Cocrystal stockholders).  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation and this Judgement.

7.     The Court finds that the notice of the Settlement to Current Cocrystal Stockholders was made in accordance with the Preliminary Approval Order and provided the best notice practicable under the circumstances to all Persons entitled to such notice, and said notice fully satisfied the requirements of due process.

8. The Court finds that during the course of the Derivative Actions, the Settling Parties and their counsel at all times complied with Rule 11 of the Federal Rules of Civil Procedure.

9. The Court finds that the Fee and Expense Amount in the amount of two hundred seventy-five thousand dollars ($275,000) is fair and reasonable, in accordance with the Stipulation, and finally approves that amount as the Fee and Expense Award.

10. The Court finds that the Service Awards to Plaintiffs in the amount of one thousand dollars ($1,000) each, or four thousand dollars ($4,000) in total, is fair and reasonable, in accordance with the Stipulation, and finally approves the Service Awards, to be paid by Plaintiffs' Counsel from the Fee and Expense Award.

11. Neither the Judgment, nor the facts and terms of the Stipulation, including any exhibits attached thereto, nor the Settlement nor the proceedings in connection with the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Actions or in any litigation, or the deficiency,

5

infirmity, or validity of any defense that has been or could have been asserted in the Derivative Actions or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c) shall be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d) shall be offered, received, or used in any way against Plaintiffs or Plaintiffs' Counsel as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial.

12. This Judgment, the Stipulation, the Settlement, and any act performed or document executed pursuant to or in furtherance thereof, shall not be admissible

in any proceeding for any purpose, except to enforce the terms of the Settlement. However, the Released Persons may refer to the Settlement, and file the Stipulation and/or this Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

13. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Settling Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

14. This Judgment is a final judgment and should be entered forthwith by the Clerk dismissing the Derivative Action with prejudice.

IT IS SO ORDERED.

DATED:   12/16/2020

/s/ Kevin McNulty
_____
HONORABLE KEVIN McNULTY
U.S. DISTRICT COURT JUDGE

7